ELLIS, Judge.
The Houston Fire and Casualty Insurance Co. was the insurer of the automobile of Alexis C. Romero. The latter’s car was involved in an accident with a vehicle belonging to Lee H. Hogue, and the petition alleges the damage done to the Romero car was occasioned solely through the negligence of Hogue. Hassie Hunt Trust, employer of Hogue, was joined as a party defendant, as well as its insurer, Hartford Accident and Indemnity Co. The petition alleges that Hogue was within the course and scope of his employment when the accident occurred, and under a subrogation claim Romero’s insurer claims $1,344.27, which it had to pay Romero for damages to his automobile. Romero joined as a party plaintiff seeking his recovery of $50 covering his loss, as the policy was a $50 deductible one:
The District Court gave judgment in favor of Houston Fire and Casualty Insurance Co. in the amount of $1,344.27 and in favor of Romero in the amount of $50, plus legal interest from date of judicial demand until paid. This judgment was in solido against all of the defendants.
From this judgment Hassie Hunt Trust and its insurer have appealed. Houston Fire and Casualty Insurance Co. and Alexis C. Romero have answered the appeal praying the judgment appealed from be affirmed. Lee H. Hogue filed here a waiver of citation and all legal rights and submitted to the jurisdiction of this Court but declared that it was not his intention to take an appeal nor to answer it, stating he would accept whatever judgment was finally rendered in this cause.
For the reasons assigned in Romero v. Hogue, La.App., 77 So.2d 74, it is hereby ordered that the judgment of the District Court be reversed insofar as it affects Has-sie Hunt Trust and Hartford Accident and Indemnity Co., and affirmed insofar as it affects Lee H. Hogue, the cost of this appeal to be paid by the appellee and all other costs by the defendant, Lee Hogue.